The opinion of the Court was delivered by
ONeall, J.
If a negotiable note or bill is negotiated before it is due, for a valuable consideration, and without notice of the want or failure of consideration, the holder is *471 entitled tó recover' against’ the maker or drawer, unless it be void in its creation. Possession of such a paper is primd facie evidence that it was acquired for a valuable consideration before it was due, and without notice of the want or failure of consideration. 3 Kent, 51; 2 Stark on Ev. 251. In Collins vs. Martin, 1 B. & P. 651, Ch. J. Eyre said, “But no evidence of .want of consideration or other ground to impeach the-apparent value received, was ever admitted between such an acceptor or drawer and the third person holding the bill for value. And the rule is so strict that it will be presumed 'that he does hold for value, until the contrary appears. The onus prohandi. lies on the defendant." In 2 Stark on Ev. 292, it is said, “ The defendant, by .proof that the bill was indorsed-after it became due,-, places the plaintiff in .the situation of the indorser, and may’give' any evidence in bar' of the plaintiff’s claim which would have-defeated that of the indorser.” In 3 Kent, 52, it is said, “ As between the original parties to negotiable paper, the provisions in favor of the bond fide assignee do not apply, and the consideration of a note, bill or check maybe inquired into ; it may be inquired into.between the maker and payee, indorser and indorsee, for the latter are in this view treated as original parties. The rule equally applies,when the indorsee took the paper with notice of the illegal consideration, or of the want of it, or of any eifcumstances which would have avoided the note in the hands of the indorser; or when not taken in the course of mercantile business; or after it was due.” 'These authorities fully sustain the general positions, which I have already stated ; for although it is not said in words, that notice to the holder before he acquires possession of the note or bill, of-the want of consideration between the original parties, must be proved by the defendant before the defence can be gone into; yet it is clear that the rule is so ; for no one is bound to prove a negative, and that would be the effect of the rule requiring the plaintiff to prove that he acquired the note or bill without any notice of the want or *472 failure of consideration between tbe original parties. _ The defendant in this case before he could be let into the defence of a failure of consideration, was bound, therefore, to show, either that the plaintiff was not a holder for valuable consideration, or that the note was negotiated after it became due, or that the plaintiff purchased it with a hnowledge of the failure of consideration. In the case of Lightner vs. Martin, 2 McC. 214, it was held that the declarations, or admissions of the payee of a note, could not be given in evidence, in an action between the holder and maker; but I think the rule is too broadly stated in that case. If at the time the declaration or admission, relied on as evidence, is made, the payee is in the possession of the note, I should think it would be evidence; for he is then the owner, and may legally discharge or defeat it, and his interest would prevent a false admission or statement. After he has parted with the note, he has no right to discharge or defeat it, and any declaration which he might then make, would have no security from interest that it should be true. In such a case I should hold, as was held in the case of Lightner vs. Martin, that his declaration or admission would be inadmissible. The motion for a new trial is granted on the two first grounds.
JOHNSON and Harper, JJ., concurred.
Motion granted.